**CITY OF NORFOLK, Plaintiff,**

v.

**A.E. HAROLD, Sr., et al., Defendants.**

**Civ. A. No. 87–237–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 1, 1987.

Philip R. Trapani, City Atty., Kimberlea Rea Cowley, Asst. City Atty., Norfolk, Va., for plaintiff.

William P. Robinson, Jr., Allan D. Zaleski, Robinson, Zaleski & Associates, Norfolk, Va., for defendants.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on defendants' Motion to Dismiss. The parties have submitted briefs and oral argument was heard on June 30, 1987; therefore, this matter is ready for decision.

The plaintiff alleges in its Amended Complaint that the defendants have violated several provisions of the Clean Water Act, 33 U.S.C. § 1251 et seq.; altered wetlands in violation of Section 62.1–13.3 of the Code of Virginia (1950), as amended; and have violated common-law prohibitions against trespass, fraud, fraudulent misrepresentation and false pretenses. The Amended Complaint has rendered the issues raised in paragraphs 1 and 2 of defendants' Motion to Dismiss moot. The remaining issues before the Court are the validity of the pendent state law claim that alleges a violation of the Virginia Wetlands Act, Section 62.1–13.3 of the Code of Virginia (1950), as amended, and whether the Court should retain jurisdiction of the pendent claims.

The defendants assert that Section 62.1–13.16:1(B) provides that the Virginia Marine Resources Commission shall have the right to issue a stop work order and seek relief in the Circuit Court of the Commonwealth of Virginia, but no general cause of action is created. The defendants contend that this Court has no jurisdiction to determine whether these defendants have violated the Virginia Wetlands Act, or, as a matter of comity, should defer any action against the defendants to the Commonwealth of Virginia. The plaintiff, however, asserts that the administrative procedures in Section 62.1–13.3 do not preclude an aggrieved riparian owner from pursuing appropriate judicial remedies.

The plaintiff relies on Springer v. Joseph Schlitz Brewing Co., 510 F.2d 468 (4th Cir.1975), which allowed a riparian landowner injunctive, compensatory and punitive relief for violation of a statute, where damages were proven. The Court stated that "[t]he violation of a municipal sewage ordinance which is intended to protect downstream riparian owners can subject an industrial sewage source to private civil liability." Springer, 510 F.2d at 472. In addition, the Fourth Circuit recently decided the propriety of adjudicating pendent state law claims that arose in conjunction with a cause of action under the Clean Water Act. In Stoddard v. Western Carolina Regional Sewer Authority, 784 F.2d 1200 (4th Cir.1986), the Court held that the existence of a state regulatory scheme did not preempt a common-law remedy of riparian landowners who had filed a federal action under the Clean Water Act.

The Court finds that it is proper for the plaintiff to allege a violation of the Virginia Wetlands Act as a pendent state claim to its suit brought pursuant to the Clean Water Act. The Court also finds that it is proper to exercise its discretion to adjudicate the pendent state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, the Court DENIES the defendants' Motion to Dismiss.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiff and defendants.

IT IS SO ORDERED.